**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS CASTRO SEGURA, | No. 08-71882 |
| Petitioner, | Agency No. A073-946-960 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Carlos Castro Segura, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the grant of the government's motion to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

change venue. *Baires v. INS*, 856 F.2d 89, 92 (9th Cir. 1988). We review de novo whether the statutory right to counsel was violated, *Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074, 1079 (9th Cir. 2007), and claims of due process violations, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

The IJ did not abuse his discretion or violate due process by granting the government's motion to change venue where the government demonstrated good cause and Segura did not oppose the motion. *See* 8 C.F.R. § 1003.20(b) (IJ may grant a motion for change of venue where good cause shown); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to establish a due process violation).

The IJ did not deny Segura his right to counsel. The record indicates that Segura knowingly and voluntarily waived his right to counsel at his Februrary 23, 2006, hearing. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103-05 (9th Cir. 2004) (explaining requirements for waiver). Although Segura requested counsel at his next hearing on May 4, 2006, the IJ "took reasonable steps to ensure that [Segura's] . . . right to counsel was honored" by granting him a continuance. *Mendoza-Mazariegos*, 509 F.3d at 1080.

08-71882

We do not reach Segura's claim that the agency erred by denying his request to withdraw his plea to the charge of removability because he waived any challenge to the agency's dispositive determination that the government presented clear and convincing evidence establishing his removability. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued are deemed waived).

**PETITION FOR REVIEW DENIED.**